IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : CRIMINAL CASE NO. |
| | : 1-13-CR-468-SCJ |
| KENNETH CAMPBELL, | : |
| Defendant. | : |

## ORDER

This matter appears before the Court on the Defendant's Appeal of Detention Order and Motion to Revoke the Magistrate's Order of Detention [Doc. No. 58]. After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), the Court concludes that the facts and circumstances of this case require that the Defendant be detained pending trial.

## I. Findings of Fact

The Defendant has been indicted for various crimes to include conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349, and aggravated identity theft, in violation of 18 U.S.C. § 1028(a). Doc. No. 1.

On December 19, 2013, after a hearing, the Honorable Russell G. Vineyard, United States Magistrate entered an order of detention for the Defendant. Judge Vineyard found that there is a serious risk that the Defendant will not appear and

AO 72A
(Rev.8/82)

that Defendant will endanger the safety of the another person or the community. The transcript of the magistrate hearing is in the record at Doc. No. 60. In his present appeal and motion, Defendant states that his mother was unable to appear and testify at the hearing due to medical reasons. Defendant submits that there is now evidence to establish that there are conditions that can be imposed to ensure his appearances in Court and guarantee the economic safety of the community.

On March 17, 2014, the Court held a hearing on the Defendant's appeal and motion. The Defendant's mother appeared and offered testimony at this hearing.

## II. Statement of Reasons for Detention

Pursuant to 18 U.S.C. § 3142(g), this Court has considered available information and the following factors in determining whether there should be pretrial release: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant (including but not limited to, character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, criminal history, and record concerning appearance at court proceeding); and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

After considering these factors, the record (inclusive of the transcript of the magistrate hearing), as well as the testimony and information submitted at the March 17, 2014 detention hearing, the Court finds by *clear and convincing evidence* that there is a danger that the defendant might engage in criminal activity to the detriment of the community while out on bond — and there is accordingly a serious risk that the Defendant will endanger the safety of the community if released on bond. See 18 U.S.C. § 3142(f) (setting forth the applicable standard) and United States v. King, 849 F.2d 485, 487 n.2 (1988) (defining danger to the community in broad terms, other than mere physical harm). In considering the above-stated factors, the Court concludes that the nature of the charges against the Defendant are very serious and that there is sufficient probable cause of the alleged crimes for which the grand jury has returned an indictment. The Defendant's history and characteristics (inclusive of a prior conviction for similar conduct and probation violations) show an inability to conform his actions to the law. The Court further notes that while Defendant does have family and community ties and his mother and step-father are willing to supervise the Defendant in their home, the Court is not satisfied that his parents will be adequate supervisors.

AO 72A
(Rev.8/82)

After consideration of the totality of the record, the Court finds *by clear and convincing evidence* that there is no condition or combination of conditions that will reasonably ensure the safety of the community if the Defendant were to be released on bond.[1] Accordingly, pre-trial detention is proper at this time.

## III. Conclusion and Directions Regarding Detention

After *de novo* and independent review, the Defendant's Appeal of Detention Order and Motion to Revoke the Magistrate's Order of Detention [Doc. No. 58] is hereby **DENIED**.[2]

It is therefore, **ORDERED** that the Defendant be committed to the custody of the Attorney General or his authorized representative for detention pending the completion of trial.

---

[1] As stated at the close of the March 17, 2014 hearing, after hearing the additional testimony from the Defendant's mother, the Court does not find that the Defendant is a flight risk. Judge Vineyard's finding that there is a serious risk that defendant will not appear [Doc. No. 30] is not adopted by this Court. All remaining findings of Judge Vineyard are adopted.

[2] The Government stated at the March 17, 2014 hearing that there is an outstanding felony probation warrant that shows on the Defendant's criminal history report. The Court allowed the record to remain open in order for the Government to secure a copy of said warrant. Defense Counsel conceded that his present appeal/motion is mooted by the actual existence of said warrant. The Government subsequently produced to chambers a copy of a warrant for the arrest of Probationer, Kenneth Bernard Campell (DeKalb County, Georgia, Docket No. 12cr2906). Having reviewed said warrant, the Court finds that this matter is **MOOT** based on the statements of Defense Counsel. To the extent that the appeal/motion is not moot, the Court adheres to the above-stated merits determination.

It is further **ORDERED** that the Defendant be confined in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

It is further **ORDERED** that the Attorney General or his authorized representative ensure that the Defendant is afforded reasonable opportunity for private consultation with his counsel.

It is further **ORDERED**, that on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined deliver the Defendant to a United States Marshal for the purpose of appearance in connection with a court proceeding.

**IT IS SO ORDERED**, this __17th__ day of March, 2014

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)